UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAN KENDALL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:08-CV-847 (CEJ) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM

This matter is before the Court upon the motion of Dan Kendall to vacate, correct, or set aside sentence pursuant to 28 U.S.C. §2255. Also before the Court is the motion of the United States to dismiss.

### I. Background

Kendall pled guilty to possessing equipment, chemicals, products and materials used to manufacture methamphetamine, in violation of 21 U.S.C. § 843(a)(6). The statutory penalties for the offense included a sentence of imprisonment of not more than ten years. At sentencing, the Court determined that Kendall was a career offender, based on his prior felony convictions for distributing methamphetamine and driving while intoxicated. See U.S.S.G. § 4B1.1 He was sentenced to an 84-month term of imprisonment.

Kendall appealed the judgment, and while his appeal was pending, the United States Court of Appeals for the Eighth Circuit ruled in a separate case that the crime of driving while intoxicated was not a crime of violence. See United States v. Walker, 393 F.3d 819 (8th Cir. 2005) and United States v. McCall, 397 F.3d 1029 (8th Cir.

1

2005). Therefore, Kendall's DWI conviction could not be considered a predicate offense under the career offender guideline. After the case was remanded for resentencing, the Court did not apply the career offender guideline, but departed upward from the guideline range of 27-33 months and imposed a sentence of 84 months' imprisonment.

Kendall appealed again, this time arguing that the upward departure was unreasonable. The Court of Appeals agreed and reversed and remanded the case for resentencing. United States v. Kendall, 446 F.3d 782 (8th Cir. 2006) (Kendall II). The appellate court noted that it had reconsidered its earlier decision in McCall and had decided that the crime of *driving* while intoxicated (as distinguished from *operating* a motor vehicle while intoxicated) could be considered a crime of violence. Id. at 784, fn. 1; United States v. McCall, 439 F.3d 967, 972 (8th Cir. 2006) (en banc)(McCall II) (felony conviction for driving while intoxicated presents serious potential risk of physical injury to another and is therefore a violent felony). The court further noted that there was not enough information in the record to determine whether Kendall's DWI conviction qualified as a crime of violence. Additionally, the court found that the facts of the case did not demonstrate extraordinary circumstances supporting a substantial upward departure.[1] Kendall II, 446 F.3d at 785.

---

[1] The decision in Kendall II predated the Supreme Court's ruling in Gall v. United States, 552 U.S. 38 (2007). In Gall, the Court specifically rejected "an appellate rule that requires 'extraordinary' circumstances to justify a sentence outside the Guidelines range." Id. at 47. The Court also ruled that "[t]he fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Id. at 51.

On remand, the Court received evidence that Kendall was driving (as opposed to simply operating) a motor vehicle at the time of his felony DWI offense. Relying on McCall II, the Court determined that the offense was a crime of violence that qualified Kendall for the career offender enhancement under § 4B1.1. Kendall was again sentenced to an 84-month term of imprisonment. On appeal, Kendall argued that the Court erred in applying the career offender guideline to him, exceeded the scope of the remand by allowing the government to present evidence at the resentencing hearing that his DWI conviction was a crime of violence, and argued that the appellate court should reconsider its decision in McCall II. Kendall also asserted that the 84-month sentence was unreasonable for the reasons set forth by the court in Kendall II.

The Eighth Circuit disagreed and affirmed the judgment. United States v. Kendall, 475 F.3d 961 (8th Cir.), cert. denied, 551 U.S. 1123 (2007) (Kendall III). Specifically, the appellate court held that additional evidence was required to determine whether Kendall's DWI conviction was a crime of violence and reopening the record to hear such evidence did not exceed the scope of the remand. Kendall III, 475 F.3d at 964. The appellate court also held that there was no sentencing error because Kendall's 84-month sentence resulted from the application of § 4B1.1, not an upward variance. Id.

## II. Motion to Dismiss

### A. Waiver

As the sole ground for relief in his motion, Kendall asserts that his sentence should be vacated in light of the decision in Begay v. United States, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008). In Begay, the Supreme Court held that the

3

generic felony offense of driving under the influence is not a "violent felony" as defined in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B). Begay, 553 U.S. at 148. The Eighth Circuit has held that "[w]hether an offense is a crime of violence under the sentencing guidelines is the same inquiry as whether an offense is a violent felony under the ACCA." Sun Bear v. United States, 611 F.3d 925, 928 (8th Cir. 2010), *citing* United States v. Williams, 537 F.3d 969, 971 (8th Cir. 2008). The Eighth Circuit has also held that the ruling in Begay is retroactively applicable to cases on collateral review. Sun Bear, 611 F.3d at 929.

Although it cannot now be disputed that a claim based on Begay is cognizable in a § 2255 proceeding, the government asserts that Kendall waived his right to assert such a claim and that his motion should therefore be dismissed. In the plea agreement he entered into with the government, Kendall specifically waived "all rights to contest the conviction and sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." United States v. Dan Kendall, Case No. 4:04-CR-176, Doc. 19, p.3. "Negotiated waivers of appellate rights and rights to pursue post-conviction relief have been upheld by the Eighth Circuit." Chavez v. United States, 2005 WL 1798281 *3 (E.D. Mo. 2005), *citing*, United States v. Morrison, 171 F.3d 567, 568 (8th Cir. 1999); United States v. Michelsen, 141 F.3d 867, 873 (8th Cir. 1998); United States v. His Law, 85 F.3d 379 (8th Cir. 1996); United States v. Rutan, 956 F.2d 827, 829 (8th Cir. 1992). However, to be valid the waiver must be knowing and voluntary. United States v. Andis, 333 F.3d 886, 890 (8th Cir. 2003). At the change of plea hearing, the Court determined that Kendall had

entered into the plea agreement knowingly and voluntarily. In his previous appeals, Kendall never challenged the voluntariness of the waiver and he does not do so here in his motion to vacate. The Court concludes that the waiver is valid.

### B. Miscarriage of Justice

Even if a waiver of post-conviction rights is valid, it will not be enforced if to do so would result in a miscarriage of justice. Andis, 333 F.3d at 891, *citing* DeRoo v. United States, 223 F.3d 919, 923-24 (8th Cir. 2000). In Andis, the court wrote:

> Although we have not previously defined this exception, we have described many of its components. *See DeRoo*, 223 F.3d at 923-24 (stating that a waiver of appellate rights does not prohibit the appeal of an illegal sentence or a sentence in violation of the terms of an agreement, or a claim asserting ineffective assistance of counsel; *Michelsen*, 141 F.3d at 872 n.3 (describing the right to appeal an illegal sentence).
>
> Other circuits have adopted the miscarriage of justice exception and included within this exception, inter alia, sentences based on constitutionally impermissible factors (e.g., race) and claims asserting ineffective assistance of counsel. . .

Andis, 333 F.3d at 891 (some citations omitted).

In his response to the government's motion to dismiss, Kendall asserts that enforcement of his waiver of post-conviction rights would result in miscarriage of justice. He points out that he repeatedly asserted his challenge to the career offender designation on appeal, and he argues that but for the timing of the Begay decision, his challenge would have been successful. He does not contend that the sentence imposed violated the terms of the plea agreement, or that it was based on some constitutionally impermissible factor, or that he was denied effective assistance of counsel. Instead, Kendall asserts in his motion to vacate that "[t]he sentence exceeds that authorized by the evidence and law contrary to the 5th Amendment right to due

5

process and the 8th Amendment right against cruel, unusual, excessive punishment." Motion to Vacate, p. 5.

In Sun Bear, 611 F.3d 925, the Eighth Circuit considered whether a movant asserting a claim based on Begay could seek relief under § 2255. In that case, the movant had been deemed a career offender under § 4B1.1 based on three prior convictions, two of which were for attempted theft of a vehicle. Several years later, Begay was decided, and the movant sought to have his sentence vacated on the ground that two of his prior convictions were not crimes of violence. After the motion was denied, movant appealed. The government conceded that, under Begay, movant's convictions for attempted theft of a vehicle were not crimes of violence. However, the government argued that movant was not entitled to relief because there was no miscarriage of justice. Id. at 927.

The Eighth Circuit disagreed and wrote:

> We have generally found that sentencing errors are not proper bases for relief under § 2255. In *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995), we held that "ordinary questions of [sentencing] guideline interpretation falling short of the 'miscarriage of justice' standard do not present a proper section 2255 claim." However, Sun Bear's claim is more than a run-of-the-mill claim that the district court misapplied the sentencing guidelines. This case is based on a post-conviction change in the law that renders unlawful the district court's sentencing determination. "There can be no room for doubt that such a circumstance 'inherently results in a complete miscarriage of justice' and 'presents exceptional circumstances' that justify collateral relief under § 2255."

Id. at 930 [*quoting* Davis v. United States, 417 U.S. 333, 346-47, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974)] (footnote omitted).

The circumstances presented in this case are similar to those in Sun Bear. Here, Kendall seeks to have his sentence vacated because it was based on consideration of a factor (his prior DWI conviction) that a subsequent change in the law made

6

improper. The Court finds that enforcement of Kendall's waiver of post-conviction rights would result in a miscarriage of justice. Therefore, the government's motion to dismiss will be denied.

### III. Motion to Vacate

The determination that Kendall's waiver should not be enforced does not resolve the ultimate question of whether he is entitled to relief under § 2255. There remains the issue of whether the erroneous application of the career offender guideline was harmless. If it was, then Kendall is not entitled to relief. See Sun Bear, 611 F.3d at 931 ("[I]f the record clearly shows that a sentencing error was harmless, then we would be unable to find a 'miscarriage of justice' justifying relief under 2255.")

A sentencing error is deemed harmless when there is "a clear record that a specific contested sentencing issue would not impact the ultimate determination of a sentence under 18 U.S.C. § 3553(a)." Id. (citations omitted). Thus, when the record reflects that a defendant would have been given the same sentence even if the erroneous guideline provision were not applied, then the error is harmless.

The record in this case not only presents a clear demonstration that the Court would have imposed the same sentence without the career offender designation but that the Court in fact did impose the same sentence. At the first sentencing hearing, a sentence of 84 months was imposed with the application of § 4B1.1. At the second sentencing hearing, a sentence of 84 months was imposed without the application of § 4B1.1. At the third sentencing hearing, a sentence of 84 months was imposed, again with the application of § 4B1.1. Additionally, the transcript of the third sentencing hearing on July 31, 2006, reflects that the Court first determined the guideline range that applied and then proceeded to address the relevant factors under

7

18 U.S.C. 3553(a) (*i.e.*, the nature and circumstances of the offense, Kendall's history and characteristics, and the need for the sentence to afford adequate deterrence and provide just punishment) in determining whether a sentence within that range was appropriate. <u>United States v. Dan Kendall</u>, Case No. 4:04-CR-176, Doc. 75, pp. 20-22. Thus the record in this case supports the conclusion that the erroneous application of the career offender guideline was harmless.

### IV. Conclusion

For the foregoing reasons, the Court concludes that Kendall is not entitled to relief on the claim he asserts in his motion. The Court finds that the Kendall has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2).

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of October, 2010.